EMMA CONDIT SMITH, as Executrix, etc., of GEORGE CONDIT SMITH, and as Testamentary Guardian of SALLIE BARNES SMITH and LOUISE CONDIT SMITH, Infants, Appellant, *v.* WILLIAM PENNINGTON, Respondent.

*Infant — proceeds of sale of land in New Jersey — special guardian in New Jersey, how required to account to the general guardian.*

A testamentary guardian of infants, whose real property in the State of New Jersey has been sold and a mortgage taken back to a special guardian appointed by the Court of Chancery of New Jersey in the proceedings relative to such sale, must apply to the Court of Chancery of New Jersey under the statute of that State for its direction to the special guardian to assign to him such mortgage — the remedy is not by action in the State of New York.

APPEAL by the plaintiff, Emma Condit Smith, as executrix, etc., of George Condit Smith, and as testamentary guardian of Sallie Barnes Smith and Louise Condit Smith, infants, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 9th day of September, 1896, upon the decision of the court rendered after a trial at a Trial Term of the Supreme Court held in and for the county of New York before the court without a jury.

George Condit Smith was, at the time of his death, a resident of the State of New York, and Sallie Barnes Smith, his widow and the mother of the infants, was, at the time of her death, a resident of the State of New Jersey.

*Alexander Thain,* for the appellant.

*John Brooks Leavitt,* for the respondent.

PATTERSON, J. :

By the form of the complaint, this appears to be an action to recover damages for the refusal of the defendant to transfer and deliver to the plaintiff a certain bond secured by a mortgage on property in New Jersey, and upon which there is due the sum of $7,500, for which amount judgment is demanded. The issue raised by the pleadings relates to the title to and the possession of that bond and mortgage. The plaintiff claims as executrix of the last will and testament of George Condit Smith, deceased, and also as the testa-

mentary guardian of two infant children of the said George Condit Smith. The facts established by the proofs are that George Condit Smith died in 1894. He left a will by which he constituted this plaintiff the testamentary guardian of his children and also the executrix of his will. The two infants were the children of George Condit Smith by his wife, Sallie Barnes Smith, who died in 1890. She left a last will and testament, by which, after giving certain legacies, she devised and bequeathed her estate, one undivided half part absolutely to her husband and the other undivided half part to her children, but directed in the will that her husband should hold the children's part in trust during their minority. At the time of her death the testatrix, Mrs. Sallie Smith, was seized of certain real estate in New Jersey. By proceedings instituted in the Court of Chancery in that State, upon the petition of George Condit Smith, he (having been appointed special guardian), as such special guardian, conveyed under the order of the court the interest of the infants to the purchaser, who gave back a mortgage on the same premises to George Condit Smith individually and as such special guardian of the infants, it being the mortgage collateral to the bond in question here, and the securities have always been within the State of New Jersey and within the jurisdiction of the courts of that State.

By the statutes of New Jersey this mortgage is to be regarded for all purposes as real estate. Payments were made on the bond, and in reduction of the mortgage, to George Condit Smith during his lifetime; and on the 8th of April, 1894, he made a declaration in writing, in which he stated that the infants' interest in the bond and mortgage was $13,356.87, and that he held that bond and mortgage to that extent as guardian for the infants, and that it was a prior lien upon any amount belonging to him individually. It thus appears as matter of fact, from the declaration made by Mr. Smith himself, that his estate had no interest in this bond and mortgage which was not subordinate to the claim of the infants, and under the law of New Jersey that bond and mortgage were real estate of the infants. They were held by Mr. Smith in trust, and in no way constituted assets of his estate that would pass to his executrix for administration. Further than that, it appears in the record that Mr. George Condit Smith was the special guardian in the proceedings for the sale of the infants' real estate, and that as to their interest

in this bond and mortgage he held it as such special guardian. He so held it at the time of his death. It came into the possession of the defendant in this action as representing Mr. Smith in his capacity as trustee and special guardian. The special guardian held it under a liability to account in the Court of Chancery in New Jersey, which court had full jurisdiction of the matter, and upon the death of Mr. Smith, proceedings were taken by the next friend of the infants to have a new appointment made of a trustee of the infants' estate and of a special guardian. Those proceedings resulted in the appointment of the defendant as trustee and as special guardian, and thereupon his custody of the bond and mortgage became that of a duly appointed officer of the New Jersey Court of Chancery, accountable to it for that mortgage or its proceeds. He now holds the same, both as trustee of the infants' estate and as special guardian. His title is derived directly from the order of a court having jurisdiction of the trust and of the real estate and of the special guardian; and it is the duty of the special guardian to retain possession of the bond and mortgage until he is relieved from responsibility by the court having complete jurisdiction of the subject-matter.

The documentary evidence in the case shows conclusively that the defendant is not in possession of personal property of Mr. George Condit Smith that would pass to his executrix under the terms of his will. Mr. Smith held this bond and mortgage in his representative capacity, under a will proven in New Jersey, and under the authority of the New Jersey court, constituting him special guardian in the proceeding for the sale of the infants' real estate. Upon his death, and by due authority of law that same relationship of special guardian was conferred upon the defendant. If the plaintiff, as testamentary guardian of the infants, is entitled to the possession of the bond and mortgage, it is a right which she must assert and have enforced in the court having jurisdiction of the subject-matter. There is a statute of New Jersey with reference to the sale of infants' real estate which provides that, upon an accounting of the special guardian, the chancellor may make an order directing the special guardian to pay the proceeds of the sale to the general guardian of the infant, and upon payment to the general guardian of the amount in the hands of the special guardian, and the assignment of the securities held by him, in case the money has been

invested by order of the court, the special guardian may be discharged from further duties and liability in relation to his office.

The proofs show that the defendant is rightfully in possession of the bond and mortgage; that he owes to the infants and to the Court of Chancery of New Jersey a duty, and if the plaintiff as testamentary guardian is entitled to the bond and mortgage, she must take proceedings in the Court of Chancery in New Jersey to compel the special guardian to assign the securities to her.

The judgment of the court below should be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, WILLIAMS and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.